IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

```
DANNIS E. DRUMMONDS,          }
                              }
     Plaintiff,               }
                              }       CIVIL ACTION NO.
v.                            }       08-AR-1168-S
                              }
PHILLIP DODD, et al.,         }
                              }
     Defendants.              }
```

**MEMORANDUM OPINION**

Before the court are the motions of defendants, Phillip Dodd ("Dodd") and City of Homewood ("City"), pursuant to Fed. R. Civ. P. 12(b)(6), to dismiss the second amended complaint of plaintiff, Dannis E. Drummonds ("Drummonds"), for failure to state a claim upon which relief can be granted. For the reasons that follow, defendants' motions will be granted.

**Pertinent Facts**

This is Drummonds' third attempt to state claims against defendants for employment discrimination in violation of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12132, *et seq.*, and unpaid overtime compensation in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.* Drummonds' first and second complaint were dismissed on the motions of defendants, with this court granting Drummond leave to amend "one more time."

Drummonds' second amended complaint is no improvement over his

1

earlier versions. He alleges that he injured his shoulder on March 20, 2007, when he slipped and fell while working as a police officer for the City. Dodd was the Chief of Police. After having surgery, he returned to work on May 5, 2007, and was assigned to a light duty position due to the limitations he faced because of his injury. He was reassigned several times thereafter to various light duty positions. At one point, he inquired about being released back to patrol duty. In response, a Lieutenant told him that he would find something for him, but that it might have to be less than patrol duty. In September of 2007, the treating physician informed Drummonds that he would not be released to full duty. Drummonds notified his superiors, including Dodd, but requested that he be placed in one of several positions he viewed as accommodating. Drummonds alleges that his requests "were not responded to in a timely manner by the Chief of Police nor members of his staff causing Plaintiff to decide between termination or retirement." He claims he was forced to retire on December 1, 2007. He also claims that he worked overtime between January 1, 2005, and December 1, 2007, and was not properly compensated in violation of the FLSA.

## ANALYSIS

*Rule 8(a) F. R. Civ. P.*

    Although notice pleading under Rule 8(a), Fed. R. Civ. P., has replaced the precision for stating a cause of action that was required under common law pleading, there is still an expectation

2

that a plaintiff in his complaint will inform a defendant of facts that, when proven, will entitle plaintiff to the relief he seeks. He cannot simply say, "I was mistreated," which is almost what Drummonds is saying. Rule 8(a) first requires a statement of the grounds for jurisdiction. In this case, that ground would be 28 U.S.C. § 1331, but Drummonds does not refer to federal question jurisdiction. Neither the ADA nor the FLSA confers jurisdiction.

*The ADA claim*

Drummonds' ADA claim rests on allegations of intentional discrimination and bad faith constructive discharge. To state a *prima facie* case of employment discrimination under the ADA, a plaintiff must allege that: "(1) he has a disability, (2) he is a "qualified individual" . . . , and (3) the defendant unlawfully discriminated against him because of his disability." *Reed v. Heil Co.,* 206 F.3d 1055, 1061 (11th Cir. 2000). Unlawful discrimination includes "not making reasonable accommodations." *See D'Angelo v. ConAgra Foods, Inc.*, 422 F.3d 1220 (11th Cir. 2005).

Dodd was never Drummonds' employer and has no liability either under the ADA or the FLSA.

Assuming the truth of what Drummonds alleges, the last amended complaint goes no further than did the original in stating a *prima facie* case of disability discrimination against the City. Facts in furtherance of an essential element, namely, that the City unlawfully discriminated against Drummonds because of his

3

disability, are still missing. On its face, Drummonds' complaint attempts to suggest that the City failed to reasonably accommodate him. However, his complaint shows that the City placed him on light duty. Rather than setting forth facts attacking this accommodation, or stating that no accommodation was offered, Drummonds asserts that the City denied his numerous requests to be placed in specific accommodating positions. This is irrelevant, as the City had no duty under the ADA to place Drummonds in the accommodating position of his choosing. *See Stewart v. Happy Herman's Cheshire Bridge, Inc.*, 117 F.3d 1278, 1286 (11th Cir. 1997). Further, Drummonds states no facts that even remotely suggest the existence of working conditions "so intolerable that a reasonable person in [the employee's] position would have been compelled to resign." *Griffin v. GTE Florida, Inc.,* 182 F.3d 1279, 1283 (11th Cir. 1999). In the absence of facts, the court is left to imagine why Drummonds complains of disability discrimination and concludes it is because he was not given his choice of an accommodating position. This is not actionable.

*The FLSA claim*

The Eleventh Circuit has held that "the plaintiff has the *prima facie* burden of showing 'as a matter of just and reasonable inference that the wages paid to him did not satisfy the requirements of the FLSA.'" *Caro-Galvan v. Curtis Richardson, Inc.*, 993 F.2d 1500, 1514 (11th Cir. 1993). Drummonds makes no effort to

remedy the deficiencies that existed in his original complaint as to his claim that he was not properly compensated for overtime. He cannot meet his burden by presenting the court with a two year time span and a mere assertion that there are records of unpaid overtime in the hands of the City.

If Drummonds could assert a viable claim against Dodd in his individual or official capacity under either the ADA or the FLSA, Drummonds' claims against Dodd would be dismissed for the same reasons that his claims against the City are being dismissed.

## CONCLUSION

For the reasons discussed above, defendants' Rule 12(b)(6) motions to dismiss Drummonds' second amended complaint with prejudice will be granted.

DONE this 30th day of September, 2008.

_____
WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT JUDGE